## WHITE CO v CANTON TRANSPTN CO

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 11, 1935

Lynch, Day, Pontius & Lynch, Canton, for plaintiff in error.

Charles S. Weintraub, Canton, and Frank T. Bow, Canton, for defendant in error.

## OPINION

By LEMERT, PJ.

The members of this court have in mind the record and evidence in connection with the former hearing of this case. The record and testimony and the issues of law in the instant case are similar in many respects to the matters the court had to and did consider on the former hearing of this case. The record in this case is very lengthy and the briefs are voluminous, and we do not deem it necessary to go into a detailed and lengthy discussion of this opinion, having before us a copy of the opinion rendered in this case when the cause was before us for review only a short time ago. The pertinent facts set forth in that opinion are the same as in the instant case, except for the details set forth in the statement of facts in plaintiff in error's brief, which we feel are pertinent when considered with the finding of the jury in this case.

Several grounds of error are set forth in the instant case and we have considered all of them and we find that the only question upon which the jury found against the plaintiff in error was that of unlawfully taking, and therefore, the other questions raised by plaintiff in error, even if they were erroneous, would not be prejudicial to the extent that the finding and judgment of the lower court should be reversed in the instant case.

Plaintiff in error cites as one of the errors in this case the fact that no general damages were asked and alleges the only damages to be considered are the special damages, as prayed for. Under §12069 GC, it is provided, in part, that:

"After a jury finds the defendant entitled to the right of possession, if they find either in his favor, they shall assess

to him such damages as they think are proper."

Under the provision of this statute, we are of the opinion that a claim for general damages need not be plead, but they are mandatory under this section and that there can be no foundation to the claim of plaintiff in error in that regard. This court in its previous opinion clearly and definitely set forth this rule. Plaintiff in error again complains of this same matter.

After a consideration of all the errors complained of and from an examination of the record in the instant case, we find that there is no prejudicial error therein and the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.